### N. K. FAIRBANK CO. v. BLAUT et al.

(Supreme Court, Special Term, New York County. April, 1895.)

1. PLEADING—DENIAL IN ANSWER—REFERENCE TO COMPLAINT.
   An answer denying "the allegations contained in paragraphs 2, 3, 4, and 5" of the complaint sufficiently complies with Code Civ. Proc. § 500, which provides that the answer must contain a general or specific denial of each material allegation of the complaint.
2. SAME—INFORMATION AND BELIEF.
   An answer by which defendants deny on "information and belief in part, and in part of their own knowledge, the allegations contained in" certain paragraphs of the complaint, is insufficient, as plaintiff is entitled to know what allegations are denied absolutely, and which only on information and belief.

Action by N. K. Fairbank Company against Blaut and others. Plaintiff moves to make the answers of some of the defendants more definite and certain. Granted in part.

Sullivan & Cromwell, for the motion.
Jacob Fromme, opposed.

---

BEEKMAN, J. This is a motion to make the several answers of six of the defendants more definite and certain. The complaint contains allegations stated in separate paragraphs, each paragraph being identified by a Roman numeral in consecutive order, beginning with "I," and ending with "IX." The defendants answer separately. The denials contained in the answer are in the following form:

"I. Said defendant denies that she has any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2d, 3d, 4th, and 5th of said amended complaint."

This may be taken as a fair specimen of the form of denial to which the plaintiff objects. Some of the answers also contain the following form of denial:

"Said defendant denies upon information and belief in part, and in part of her own knowledge, the allegations contained in the 6th, 7th, 8th, and 9th paragraphs of said amended complaint."

The counsel for the plaintiff claims that this form of pleading is not in conformity with section 500 of the Code of Civil Procedure,[1] and insists that the defendants should have repeated in the body of their answers the allegation of the complaint upon which the denial is intended to operate. As an authority for the motion, I am referred to Baylis v. Stimson, 110 N. Y. 621, 17 N. E. 144. In that case the denial was in the following form:

"The defendant further denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the following portions of the complaint, viz. the whole of the paragraph beginning with the words, 'And the plaintiff,' in folio 11; the last five lines of the paragraph ending in folio 15; the last three lines of folio 19, and the first six lines of folio 20; the whole of the paragraph beginning in folio 23 with the words, 'And the plaintiff'; the following sentence in folio 26, 'And that he thereby became liable for the costs and expenses of such defense to the sum of $250'; the last eight lines of folio 31, and folios 32 and 33."

The question was not before the court for decision, and the statements contained in the opinion upon the subject are entirely obiter. The court says, referring to the answer above quoted (page 623, 110 N. Y., and page 144, 17 N. E.):

"It is thus inartificial and troublesome, and not in accordance with any rule of pleading at common law or under the Code. It is, however careless, no doubt easy for the pleader, but the labor of dissection and discovery as to its meaning is thrown upon the opposite counsel and the court. It belongs to neither. The answer should disclose the defense, whether it be by denial or new matter, without reference to any other pleading; it should be complete in itself, and require neither amplification nor patching from fragments of the complaint. The Code means nothing less when it enacts (section 500) that the answer must contain 'a denial of each material allegation of the complaint controverted by the defendant,' and what allegations are thus controverted should appear on the face of the answer. The plaintiff's attorney should not be required to look beyond that pleading for such information, nor should the court be required to count lines and measure paragraphs to discover the matters put in issue. We think, however, the answer has been properly construed and applied; at least the finding of the referee is clear and decisive."

---

[1] Code Civ. Proc. § 500, provides that the answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

I do not think that these remarks should be extended to apply to a pleading other than one quite similar to that which was before the court.    The embarrassment in that case which provoked this criticism of the court of appeals grew out of the fact that the reference was to folios of the complaint which were quite different from the folios of the same pleading as it appeared upon the record on appeal. In the present case, however, the references in the answer to the allegations of the complaint are by paragraph numbers, which form a part of the complaint itself, and that fact will always appear, in whatever shape the pleading may be presented to the court.    In the present case there can be absolutely no doubt as to what allegations are denied; a simple inspection of the complaint itself will exhibit the fact.    The claim that the plaintiff's attorney should not be required to look beyond the answer for information as to the allegations which are controverted goes altogether too far, if it is intended to apply to forms of denial similar to those under consideration.    If such a construction is to be adopted, then an answer which in terms denies each and every allegation contained in the complaint would be also open to criticism, because a reference to the complaint would be necessary in order to determine what those allegations were.    The common practice of the profession best determines the question of the convenience of attorneys, which is referred to in the case above mentioned  as one of the reasons for discouraging this form of pleading.    It undoubtedly is the practice, where the defense is in part a denial, to deny by reference to the particular paragraph.    The advantage of it is obvious.    It avoids the repetition of voluminous statements which would largely increase the size of the pleading, and thus subject attorneys and court to a useless expenditure of time in again traveling over the allegations of the complaint in the answer. It would also increase the bulk of the record, and materially add to the cost of printing where appeals are taken.    Furthermore, if the paragraph intended to be denied is to be set forth in the answer, it would involve a discussion as to whether the denial contained a negative pregnant, unless the pleader carefully denied each fact which the allegation contains, or which might be inferred from it. The effect of the application of such a rule in a complicated equity case, where the allegations are voluminous, would be simply intolerable to attorneys and judges.    The answer is a pleading which raises an issue.    What that issue is must always be determined by reading the complaint and the answer together; and I fail to see, under such a form of pleading as has been adopted by the defendants in this case, how there can be the slightest difficulty or inconvenience in determining what the issue is.    In fact, it may safely be claimed that the issue can be more quickly determined than if the defendant had undertaken to weave the allegations of the complaint into his forms of denial in his answer.    I have examined the records of some of the cases which were before the court of appeals at the time the case of Baylis v. Stimson was considered, and find that in the majority of them allegations of the complaint were denied in precisely the form found in the case before me, by a reference to the paragraph numbers of the complaint.    I do not

think that the court intended to include such forms of denial within its strictures. The criticism which it passed upon the pleading in that case was well deserved, but entirely inapplicable to the case before me. I am satisfied that the forms of denial which have been adopted in this case are quite in accordance with the requirements of section 500 of the Code of Civil Procedure, and are free from just criticism. I except, however, from what I have said, those allegations contained in the answers before me which are in the following form:

"Said defendant denies upon information and belief in part, and in part of her own knowledge, the allegations contained in the 6th, 7th, 8th, and 9th paragraphs of the said amended complaint."

The plaintiff is entitled to know which allegations are denied absolutely, and which are denied only upon information and belief. As the denial stands, it is utterly impossible to determine this question, and, furthermore, it renders completely valueless the verification itself. I have no doubt of the viciousness of such a form of denial. It follows from what I have stated that the motions should be denied, except in so far as the allegations last mentioned are concerned. The answers containing such allegations must be made more definite and certain, by separately setting forth the allegations which are denied upon information and belief and those which are otherwise denied. Costs are not awarded on any of those motions. Notice of settlement of the orders should be given.