(15 App. Div. 405.)

HOFFMAN et al. v. SUSEMIHL et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

1. PLEADING—ANSWER—NEGATIVE PREGNANT.
   A denial of "the allegations contained in paragraph 6 of the complaint, in the following words, to wit," quoting the paragraph denied, is good.

2. SAME—AMENDMENT—SURPRISE.
   No surprise to plaintiff can result from the amendment at the trial of the separate answer of a defendant so as to deny an allegation of the complaint where such allegation was put in issue by the answer of the other defendant.

Appeal from special term, New York county.

Action by Charles Hoffman, Jr., and another against Theodore Susemihl and others to set aside a transfer of property by defend-

ant Susemihl to the other defendants, as in fraud of creditors. The form of the denials in defendants' answers was: "This defendant denies the allegations contained in paragraph 6 [or as the case might be] of the complaint in the following words, to wit," quoting literally the paragraph or part thereof denied. From a judgment entered on a decision of the trial judge dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

William S. Lewis, for appellant.

John J. Gleason, for respondents J. L. Mott Iron Works and Henry Huber Co.

R. McKinlay Power, for respondent Susemihl, Jr.

INGRAHAM, J. The complaint alleges that certain transfers of book accounts by the defendant Susemihl to the other defendants were made with the intent to hinder, delay, and defraud the creditors of the said Susemihl. These allegations are denied, and the trial court has found that such transfers were not made with such intent. This was a question of fact. The evidence relied upon to prove such fraudulent arrangement between the assignor and the assignees of these claims was the examination of the judgment debtor in the proceeding supplemental to execution. The assignees were not present, or parties to that proceeding. The examination was made long after the transfer. Both assignees swore positively that no such agreement was made as is alleged in the complaint; and the assignor also swore that no such agreement was made, and that he made a mistake, which is explained in the testimony given in the supplementary proceedings. The learned judge believed this testimony of the defendants. As a matter of fact it is extremely doubtful whether there was any testimony that would justify a finding that any such agreement was made, or that the transfers were made with such fraudulent intent. He, however, has found that no such agreement was made, and that finding is amply sustained by the evidence. Upon the evidence of the defendant it is quite clear that the transfer of these book accounts was made in payment of the debt of the judgment debtor; that such transferees were actual bona fide creditors of the judgment debtor; and that these plaintiffs at the time had under execution levied upon all of the personal property of the debtor. There was certainly nothing fraudulent in the debtor's paying to certain of his other creditors the portion of his property that these plaintiffs had not been able to obtain a lien on for the satisfaction of their judgment. Susemihl swears expressly that: "When I made up my mind to turn over these bills to them in payment of their accounts to the Mott Iron Works and to the Henry Huber Co., I turned them all over to them in payment of their bills against me. The bills which Mr. Mott took were selected by two of us,—myself and the bookkeeper." Mr. Gleason, who represented the Mott Iron Works, and Mr. Tiedeman, representing the Henry Huber Company, both swore that the assignment

was absolute, and was in payment of the debts due from the judgment debtor to these creditors. The mere fact that subsequently these creditors were willing to share with the other creditors upon condition that the plaintiffs would release the lien of their execution so that all would share alike, is not conclusive that the defendants took the transfer of the book accounts under a secret trust, or in any other manner than is testified to. The evidence shows that the amount collected from these assigned book accounts was very much less than the amount due to the creditors. It is now settled in this state that a creditor has a right to transfer to any particular debtor property sufficient to pay his debt, even though thereby he places it out of his power to pay his other creditors; that, as long as the object is simply to pay a bona fide debt, and that that is the only result accomplished, the transaction is not fraudulent as to other creditors. See Maass v. Falk, 146 N. Y. 41, 40 N. E. 504, and cases there cited.

We also think that the answer of the defendants was sufficient to put at issue the allegations of the complaint. A statement in an answer, specifically denying a particular numbered paragraph of the complaint, is a good denial of that paragraph; and the mere fact that the answer, after specifying the number of the paragraph which it is intended to deny, repeats the allegations of the paragraph, does not make it any the less a denial of the allegations contained therein.

As to the amendment allowed to the answer of one of the defendants upon the trial, we think it clearly within the discretion of the trial court, and that the plaintiff could not have been surprised or injured in any way by such amendment, as the answer of the other defendant put the allegation of the complaint at issue; and the plaintiff was, therefore, compelled to prove such allegations.

Some complaint seems to have been made as to the admission in evidence by the court of the examination of the defendant Susemihl in supplementary proceedings as evidence against Susemihl only, and not against the other defendant. The examination is before the court, however, and we are satisfied that, assuming it to have been admitted as against the other defendant as well as against Susemihl, the result would not have been different, as the clear preponderance of evidence was in favor of the defendants. Upon the whole case we think that no error was committed, and that the judgment below was clearly right, and should be affirmed, with costs. All concur.