(28 App. Div. 341.)

### SCHNITZER v. GORDON et al.

(Supreme Court, Appellate Division, First Department.   April 22, 1898.)

1. WITNESS—CREDIBILITY.

A glaring misstatement of fact was made by an interested party upon the witness stand, under circumstances which seemed to exclude any reasonable excuse. *Held*, that this would warrant the jury in disbelieving his uncorroborated testimony upon other points.

2. ACTION ON NOTE—PLEADING—EVIDENCE.

In an action upon a promissory note, the complaint alleged that it was made by defendants to one S., "who thereafter duly indorsed and delivered the said note for value to the plaintiff," etc.   The answer denied any knowledge or information sufficient to form a belief as to this allegation, repeating it in terms in the denial.   Plaintiff took no objection to the form of the denial as involving a negative pregnant, either before or at the trial.   *Held*, that under the circumstances it was clearly sufficient to raise an issue calling for proof upon the trial of indorsement and delivery to the plaintiff.

Appeal from trial term, New York county.

Action by Hyman Schnitzer against Louis Gordon, impleaded with Louis Rosuck.   From a judgment on a verdict, and from an order denying a motion for a new trial, plaintiff appeals.   Affirmed.

Three causes of action are alleged in the complaint.   The first is upon a promissory note for $500, made November 23, 1894; the second upon a loan of $1,000, made December 13, 1894; the third upon an account stated of $2,729.32.   The defendant Gordon alone defended.   The jury found a general verdict in his favor.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Harold Nathan, for appellant.
Jacob Manheim, for respondent.

BARRETT, J.   The plaintiff was the only witness called upon the trial.   He testified first as to the second cause of action, namely, the loan of $1,000, stating that it was made by check, and that the defendant gave him no note therefor.   This was his testimony: "I did not get a note at this time.   I did not have any note of Mr. Gordon's dated December 13, 1894.   I am quite certain of that."   The counsel for the respondent conclusively proved the falsity of this testimony by putting in evidence a note of the defendants for $1,000, dated December 13, 1894, which the plaintiff had deposited for collection, and which apparently had been taken up, as it was produced by the defendants at the trial.   It was certainly admissible.   It was proper in cross-examination to weaken the force of the plaintiff's testimony, and it tended directly to support the de-

fense to the second cause of action, which was that the note had been given for the loan, and was afterwards paid. It was not rendered inadmissible because the plaintiff testified that it related to another transaction. The jury might have disbelieved this statement, especially in view of the plaintiff's false testimony that he never had any note of Gordon's dated December 13, 1894. In his charge the trial judge called the jury's attention to the misstatement, and said: "As to a witness who is disinterested, and not impeached in any way, the testimony given is not to be disregarded: but where a person is interested in the outcome of his case, and gives testimony, you are at liberty, if he has testified falsely in any material respect, to disregard his testimony." This charge was quite correct. It was, in fact, more favorable to the plaintiff than the circumstances required. Certainly, the jury are not bound to believe the testimony of an interested party when there are circumstances throwing doubt upon its truth. The glaring misstatement of the plaintiff here upon a material point, for which it is difficult to find an adequate excuse, warranted the jury in disbelieving his uncorroborated testimony. This, too, must be borne in mind in considering the remaining questions. What has been said is enough to show that the verdict of the jury as to the second cause of action is not to be disturbed.

The plaintiff's counsel asked for the direction of a verdict upon the first cause of action. This was upon a note alleged to have been made by the defendants to one H. Schnitzer, "who thereafter," to quote the language of the complaint, "duly indorsed and delivered the said note for value to the plaintiff, who is now the holder and owner thereof." The answer denies any knowledge or information sufficient to form a belief as to this allegation, repeating it in terms in the denial. The plaintiff contends that such a denial does not put in issue the indorsement and delivery of the note by H. Schnitzer to the plaintiff, but only its indorsement and delivery for value. His claim is that he took title to the note by its indorsement and delivery to him, whether he gave value or not. This latter claim is, doubtless, well founded, but it does not solve the question. The difficulty with the plaintiff's position is that he went to trial upon the answer without objecting in any manner to the form of the denial. And, moreover, he gave evidence in support of the averment, quite as though the denial were sufficient. Nor did he suggest upon the trial that the denial was defective. It is true that he asked the court to charge the jury "that [as to the first cause of action] there was no contention, and that he was entitled to recover upon that at least." But even here he failed to point out any defect in the pleading. If he had done so, the court might well have permitted the words "for value" to be stricken from the denial. What the plaintiff's motion implied was that there was no contention upon the merits, not that the allegation was admitted because the denial in form amounted to negative pregnant. But, whatever remedy the plaintiff might have had with regard to such a denial prior to the trial, it was clearly sufficient to raise an issue calling for proof upon the trial. Thompson v. Railway Co., 45 N. Y. 468;

Wall v. Waterworks Co., 18 N. Y. 119; Hoffman v. Susemihl, 15 App. Div. 405, 44 N. Y. Supp. 52.

The account stated alleged in the third cause of action seems, according to the plaintiff's rather confused testimony, to have been represented by five notes made by H. Cohen & Co., and indorsed by the defendant. These notes were not produced or proved; and the plaintiff, after making some conflicting statements, finally said that he had returned them all to the defendant. The same thing is true of this testimony as of that relating to the second cause of action. The jury were not bound to credit it.

The remaining question is as to the refusal of the court to charge that the plaintiff's books were not evidence in his favor, and that "if he did produce them he could not use them to support his own claim or contention." The request, under the circumstances, was too broad, and the trial judge indicated as much when he said, "I decline to charge that as stated." The only reference made to the plaintiff's books upon the trial was in his cross-examination. He admitted that he kept books in which he entered the moneys which he paid out and the notes which he thereupon received. In view of his confused and conflicting statements as to whether he actually received a note for the loan specified in his second cause of action; in view, too, of the production by the defendants of a note apparently for the amount of that loan,—it is quite conceivable that any original entry made by him on the subject might have been admissible to clear up the doubts caused by his defective memory. It was not, to say the least, absolutely certain that such original entry, made by the plaintiff himself at the time when the loan was made, would have been inadmissible. The request was doubtless aimed at the possible effect upon the jury of the plaintiff's failure to produce such original entry, either to aid his memory, or, upon continued failure of memory, as original evidence. The court declined to charge the proposition "as stated," and then charged that, "if either party desired to have the books of the other, he might have taken the legal steps to secure their production in court." The plaintiff's counsel seems to have been satisfied with this latter instruction, for he made no further exception, and the matter rested there. Upon the whole, we think the case was fairly submitted to the jury, and that the verdict should not be disturbed.

The judgment and order denying the plaintiff's motion for a new trial should be affirmed, with costs. All concur.