FLEMING v. SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS.

(Supreme Court, Appellate Division, Second Department.   July 7, 1898.)

PLEADING—ANSWER.

A statement in an answer, specifically denying a particular numbered paragraph of the complaint, instead of denying the allegations contained therein, is a good denial of that paragraph.

Appeal from special term, Westchester county.

Action by Luke Fleming against the Supreme Council of the Order of Chosen Friends.   From an order for judgment on the pleadings, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Harlow H. Loomis, for appellant.

Cyrus A. Bishop, for respondent.

WILLARD BARTLETT, J.   There are four numbered paragraphs in the complaint.   The first paragraph alleges that at all the times mentioned in the complaint the plaintiff was, and he now is, a duly-licensed practicing physician and surgeon in the village of North Tarrytown, in Westchester county.   The second paragraph alleges that, at all the times mentioned in the complaint, the defendant was, and it now is, a foreign corporation, organized under the laws of Indiana, and doing business in New York.   The third paragraph reads as follows:

"That heretofore, and between the 12th day of January, 1897, and the 1st day of July, 1897, the defendant was engaged in the organization of a local branch or subordinate council of the Order of Chosen Friends, at the said village of North Tarrytown, and that the plaintiff, at the special instance and request of the defendant, performed certain services as such physician, for the defendant, in the organization of the said subordinate council, reasonably worth, and for which the defendant promised and agreed to pay, the just and full sum of one hundred and twenty-eight dollars."

The fourth paragraph of the complaint alleges that no part of the sum mentioned in the third paragraph has been paid, although payment thereof has been duly demanded by the plaintiff from the defendant.

The answer sets up four separate defenses. · It is necessary to consider only the first of these, in which the defendant "admits the first, second, and fourth paragraphs of the complaint," and "denies the third paragraph of the complaint." This defense was deemed insufficient by the learned judge at special term, who held that the denial of the third paragraph of the complaint was not good, upon the authority of Baylis v. Stinson, 110 N. Y. 621, 17 N. E. 144. That case, however, does not go so far as to pronounce such a denial as this insufficient in law. It does express strong disapproval of an answer in which the defendant declared that he had neither knowledge nor information sufficient to form a belief as to certain allegations of the complaint, beginning with particular words in a specified folio, and ending with other words in a subsequent folio; and it declares this kind of pleading to be inartificial and troublesome, because it requires the court to count lines and measure paragraphs in order to discover what matters are out of issue. Nevertheless, the answer there under consideration was treated as an effective pleading, as appears from the declaration in the opinion that it had been properly construed and applied by the referee before whom the case was tried. On the other hand, it has been expressly held by the appellate division of the supreme court in the First department that a statement in an answer specifically denying a particular numbered paragraph of the complaint is a good denial of that paragraph. Hoffman v. Susemihl, 15 App. Div. 405, 44 N. Y. Supp. 52. It seems to us that this view is in accordance with the spirit of the rule requiring liberality in the construction of pleadings under the reformed system of procedure. There could be no question as to the sufficiency of the denial here under consideration if the answer read: "The defendant denies the allegations contained in the third paragraph of the complaint." We think the statement that it "denies the third paragraph of the complaint" really means the same thing. We are aware that a somewhat different view of the requirements of the Code as to the contents of an answer was taken by the general term of the New York court of common pleas in the case of Bidwell v. Overton, 13 N. Y. Supp. 274, in which the defendant pleaded that he had not "knowledge or information sufficient to form a belief as to the fifth paragraph of the complaint." This was said to be merely an avowal of a lack of knowledge or information as to the paragraph itself, and not of the statements of fact in the paragraph. For the reasons already given, we are better satisfied with the opinion of the appellate division in the First department in Hoffman v. Susemihl, supra. If the answer leaves the plaintiff in any real doubt as to the precise meaning or application of the denial of the numbered paragraph, he may move to have the answer made more definite and certain. The denial of the third paragraph of the complaint being good, it is clear that the first defense in the answer raised an issue of fact upon which the defendant was entitled to go to trial. The court below therefore erred in granting the plaintiff's motion for judgment upon the pleading.

Order reversed, with $10 costs and disbursements; judgment vacated; and motion denied, with $10 costs. All concur.