### COLBORN v. ARBECAM.

#### (Supreme Court, Appellate Term. June 6, 1907.)

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW—ASSIGNMENT—SUFFICIENCY OF EVIDENCE.

Negotiable Instruments Law, Laws 1897, p. 719, c. 612, provides that every person whose signature appears on a negotiable note is presumed to have become a party thereto for value. Section 98 (page 733) provides that every holder is deemed prima facie to be a holder in due course, etc. Section 75 (page 730) provides that, unless an indorsement bears date after maturity, every negotiation is deemed prima facie to have been effected before the instrument was overdue. Section 35 (page 695) provides that, where the instrument is in the hands of a holder for due course, a valid delivery thereof by all parties prior to him, so as to make them liable to him is conclusively presumed, and, where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved. *Held*, that where, in an action by the assignee of a note against the maker, the complaint alleged that defendant made the note, that before maturity the payee indorsed and delivered it for value, and that after maturity the indorsee assigned and delivered it for value to plaintiff, and the answer denied the indorsement and delivery for value, and the assignment and delivery for value, but plaintiff's witness testified that the note contained the signatures of the maker and indorsee, and that the assignment under seal was executed by the indorsee and delivered to plaintiff, plaintiff's proof, coupled with the presumptions of law, entitled him to a recovery, in the absence of evidence to the contrary.

2. TRIAL—DISMISSAL ON THE MERITS.

In an action by the assignee of a negotiable note against the maker, it was error to dismiss the action on the merits, where plaintiff's lacking proof was of a character that could be supplied on another trial, or plaintiff might have tested the validity of a conjunctive denial or a negative pregnant in the answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 359–369.]

Appeal from City Court of New York, Trial Term.

Action by Henry Frederick Colborn against B. L. Arbecam. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

James F. Crane, for appellant.
Oscar B. Thomas, for respondent.

GOFF, J. The action was brought by an assignee of a promissory note against the maker. It was alleged in the complaint that defendant made the note, that before maturity the payee indorsed and delivered it for value, and that after maturity the indorsee assigned and delivered it for value to plaintiff. Defendant in his answer denied the indorsement and delivery for value, and also denied the assignment and delivery for value. On the trial plaintiff's witness, on being handed a note, testified that he was familiar with all the signatures; that it contained those of the maker, payee, and indorsee. He also testified that a paper handed him was signed and sealed by the indorsee, acknowledged by him to the witness (a notary public), and delivered to plaintiff in his presence. The note and the paper were admitted in evidence. The note on its face is a negotiable promissory note, and the paper is an assignment of the note, signed, sealed, and acknowledged, transferring for a valuable consideration the note to plaintiff. Plaintiff rested, without further proof. Defendant moved to dismiss the complaint for failure of proof, and judgment was rendered dismissing the action upon its merits. The appellant raises two questions: First, that he had proved a prima facie case; and, secondly, that, even if he had not done so, there should have been a nonsuit, instead of a dismissal upon the merits.

Respondent contends that, in view of the denials in the answer, there was a failure of proof, and the judgment was proper. Plaintiff's case rested on two classes of proof, fact and presumption. The facts were: (1) The note; (2) the signing by the maker; (3) the indorsement by the payee; and (4) the assignment by the payee to the plaintiff. The presumptions were: (1) The note was a negotiable promissory note. Section 320, Neg. Inst. Law (Laws 1897, p. 755, c. 612). (2) It was deemed prima facie to have been issued for a valuable consideration. Section 50, Id. (3) The maker, payee, and indorsee, whose signatures appeared on the note, were deemed prima facie to be parties thereto for value. Id. (4) The payee and indorsee were deemed prima facie to be holders in due course. Section 98, Id. (5) The negotiation from the payee to the indorsee was deemed prima facie to have been effected before the note was overdue. Section 75, Id. (6) The liability of the maker and indorser to the indorsee was conclusively presumed. Section 35, Id. (7) A valid and intentional delivery by the indorsee to the plaintiff was presumed. Id. (8) The assignment under seal from the indorser to plaintiff imported consideration and presumably vested the title to the note in plaintiff. Sheridan v. Mayor, 68 N. Y. 30; Hays v. Hawthorn, 74 N. Y. 486. The defendant claimed there was failure of proof, because in his answer he denied indorsement and delivery of the note and also its assignment to plaintiff for value.

Schnitzer v. Gordon, 28 App. Div. 344, 51 N. Y. Supp. 152, is

cited as conclusive of this question. An examination of the case on appeal, as well as of the opinion, convinces me that the ruling there was based on the pleadings and evidence, and its scope should accordingly be so limited. In that case there was no evidence of indorsement or of value in relation to the particular note; for many notes were in controversy, and it was held that plaintiff, having gone to trial on the pleadings, was bound to give testimony on the issues raised. But here plaintiff did give testimony proving the signature of the maker, indorser, and indorsee (the latter's name being on the note) ; and the law presumed liability, negotiability, and value. Likewise evidence was given of the execution and delivery of the assignment to plaintiff, and the law presumed consideration and title. It may be observed here that the action in the Schnitzer Case was commenced and litigated before the negotiable instruments law went into effect, and if its concise definitions and precision of language had been before the court it is not at all improbable but that the decision would have been seriously affected. The plaintiff's proof, coupled with the presumptions of law, entitled him, in the absence of any evidence to the contrary, to a recovery. It was error to dismiss the action on the merits. Even if there was failure, it was not such a failure of proof as would clearly show as matter of law the plaintiff could not recover. The lacking proof was of a character that could be supplied on another trial, or plaintiff might have tested the validity of a conjunctive denial or of a negative pregnant in the answer. In Martin v. Cook, 14 N. Y. Supp. 329, 60 Hun, 577, affirmed 142 N. Y. 654, 37 N. E. 569, it was said:

"Where a complaint is dismissed because of failure of proof, the dismissal is not upon the merits, because the merits are not involved; the complaint being dismissed because of the want of merit in the proof. It is only where a prima facie case is made, and proof offered to rebut it, that the merits are involved."

On each of those two grounds the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.