Argued March 10, reversed March 24, rehearing denied July 21, 1914.

## MILLER *v.* CUNNINGHAM.

(139 Pac. 927.)

**Pleading—Answer—Sufficiency of Denial.**

1. A denial in the answer of specific paragraphs of the complaint by number is sufficient; no special form of expression being necessary so long as the matter denied is definite and certain.

**Pleading—Demurrer—Pleading Good in Part.**

2. Where an answer by denial puts in issue matters necessary for plaintiff to prove to entitle him to recover, and pleads further matter as a separate defense, a demurrer to the answer as a whole should be overruled.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by W. S. Miller against A. A. Cunningham and G. W. Gray, partners under the firm name of Cunningham & Gray. The facts are set forth in the opinion of the court and need not be repeated in this statement. From a judgment rendered in the lower court after sustaining a demurrer to defendant's answer, defendants appeal.

REVERSED. REHEARING DENIED.

For appellants there was a brief with oral arguments by *Mr. James N. Davis* and *Mr. William W. Dugan, Jr.*

For respondent there was a brief over the names of *Mr. Franklin F. Korell* and *Messrs. Bronaugh & Bronaugh,* with oral arguments by *Mr. Earl C. Bronaugh* and *Mr. Korell.*

Department 2.    MR. JUSTICE McNARY delivered the opinion of the court.

There was filed by plaintiff in the District Court of Multnomah County on June 9, 1913, a complaint wherein it was charged that plaintiff was employed by defendants to obtain a contract from one J. C. Friendly for the sale of certain lots in the City of Portland, and for so doing plaintiff was to receive $225.    Further it is alleged that the contract was fully performed on the part of plaintiff.    Within the time legally allotted, defendant A. A. Cunningham appeared by answer and admitted the first paragraph of the complaint, which was to the effect that the defendants herein were partners, but denied "paragraphs 2, 3, and 4 of the complaint," which paragraphs contain the substantial ground of the action, and further alleged *in extenso* matters claimed to be a further and separate defense. A replication containing a general denial was filed to the answer.    On July 14, 1913, the case was tried resulting in a judgment for plaintiff.    An appeal was perfected to the Circuit Court on August 6, 1913.    A few weeks later plaintiff filed a demurrer to the answer upon the ground that it did not state facts sufficient to constitute a defense.    The learned circuit judge on the 8th day of October, 1913, sustained the demurrer, and, upon motion of counsel for plaintiff, entered judgment upon the pleadings in favor of plaintiff for the sum sought to be recovered.

As to what an answer shall contain, the code of this state, at Section 73, L. O. L., says: "(1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; provided, however, that nothing can be proved under

a general denial that could not be proved under a specific denial of the same allegation or allegations. (2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition.'' Referring to the functions of a demurrer, we quote from Section 69, L. O. L.: ''The demurrer shall distinctly specify the grounds of objection to the complaint; unless it does so, it may be disregarded. It may be taken to the whole complaint, or to any of the alleged causes of action stated therein.''

First, it will be observed that the demurrer attacks the whole answer, and not the matters therein alleged and denominated a further and separate defense. Second, it appears that the answer contains general denials of certain paragraphs. On the one part, it is argued that a defense containing denials is not demurrable. On the other part, it is insisted that a denial is not sufficient when it merely refers to specific paragraphs, but that the denial must go further and include the allegations therein contained.

1. There may be some authority for holding a denial insufficient in law that simply refers to specific paragraphs by number; but we are not in accord with this rule, which seems to be unsupported by reason. The pleader is required to do no more than unequivocally to inform his adversary of the matters denied. No special form of expression is necessary so long as the matter denied is definite and certain. A statement in the answer, specifically denying a particular numbered paragraph of the complaint, is a good denial of that paragraph. No value is imparted to the denial to say, in addition to denying the paragraph, that the allegations therein contained are denied when a paragraph is numbered and complete in itself. It seems

clear to us that this view is in accordance with the spirit of the rule requiring liberality in the construction of pleadings under the reformed system of judicial procedure: *Fleming* v. *Supreme Council,* 32 App. Div. 231 (52 N. Y. Supp. 1001).

2. Concluding that the denials of the answer are sufficient, it was error for the court to sustain the demurrer to the whole pleading, because the denials put in issue matters necessary for the plaintiff to prove in order to be entitled to recover: *Interstate Ry. Co.* v. *Missouri River & C. R. Co.,* 251 Mo. 707 (158 S. W. 349); *Fidelity Ins. Co.* v. *Sadau* (Tex.), 159 S. W. 137; *Toby* v. *Ferguson,* 3 Or. 28; *Torrence* v. *Strong,* 4 Or. 45.

We conclude that the judgment of the Circuit Court must be reversed, and the cause remanded for such other proceedings as may be. deemed advisable, not inconsistent with this opinion.

REVERSED.   REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

---

Motion to dismiss appeal denied December 16, 1913.