*409 On The Merits.
The New'Practice Act (No. 300 of 1914, p. 611) requires that a plaintiff in stating his cause of action ‘‘shall, so far as practical, state each of the material facts upon which he bases his claim for relief in a separate paragraph, separately numbered.”
It also requires that the defendant ‘£ shall either admit or deny specifically each material allegation or fact contained in plaintiff’s petition;” and further provides thai “all material allegations of fact contained in the petition, which are not denied in the answer, shall be deemed to be admitted. ’ ’
Plaintiff in accordance with the act set forth its cause of action in certain numbered paragraphs. Defendant in its answer denied each paragraph separately; that is to say denied “the allegations of paragraph one,” admitted those of paragraph two, denied those of paragraph three, and so on; but defendant did not divide or break up the contents of each paragraph or repeat the same in negative form.
The trial Judge thought this an insufficient denial, took the contents of the petition for admitted and rendered judgment against defendant without further evidence; from which judgment defendant appeals.
The only question presented was whether defendant’s answer was sufficient under the act.
We think it was. Under any system of pleading it is for the plaintiff to marshal his facts in a clear and orderly manner; the defendant has but to admit or deny these allegations, and is never required to set forth affirmatively any matter of fact unless he chooses to make some special defense or set up some counter claim, as'to which he then assumes the burden of proof.
*410 So when, as heretofore, the plaintiff was permitted to state his facts consecutively, the defendant was likewise permitted to admit or deny them generally.
But when, for the purpose of narrowing issues, plaintiff was required to state his facts by paragraphs separately numbered, it was but logical to require the defendant in turn to admit or deny thém in somewhat the same manner.
Otherwise the division of the petition into paragraphs would be perfectly useless; since it would be quite as easy for the defendant to separate facts stated consecutively as to separate facts grouped together in a single paragraph.
Why then was plaintiff required to state his facts articulately, putting (as far as practical) each material fact in a separate paragraph and identifying each paragraph by number?
Manifestly, in order that defendant by admitting or denying separately the allegations of each paragraph should apprise plaintiff of what is admitted and of what is denied, and thus reduce the issue to as narrow limits as plaintiff might desire; since it lies in plaintiff’s power, by his paragraphs, to divide his allegations as completely. and minutely as he may think advisable.
On principle, therefore, we have no hesitancy in holding that the answer herein filed is a sufficient denial of the allegations of the petition under the practice act.
Nor are our conclusions different when based on authority. Of course .these hold that wher'e the defendant is.required to deny each fact specifically it will not suffice to deny them all generally. But that is not the question.
*411 The question is whether a denial paragraph by paragraph of an articulated complaint, is specific denial of eacn allegation of that complaint.
On that point there is some conflict of authority, and Professor .¡Sunderland in his. article on pleading in Oye thus sums up the whole matter: “So a denial of all the allegations in a particular paragraph of the complaint ■has been held bad, as has the denial of each and every allegation in certain numbered paragraphs. The better rule would seem to be that the denial of all the allegations contained in a designated numbered paragraph of the complaint is good. It is not sufficient, however, to deny generally everything between certain words and folios. A specific denial should not, in most cases, deny in the exact words of allegations.” 31 Cyc., pp. 197-198.
That is all there is to the proposition, and a volume could not say more on the subject.
In support of the proposition that a denial of 'each paragraph as a whole is not sufficient, the following cases seem pertinent.
Peters vs. McPherson, 114 Pacific, 188.
Stickney vs. Hanrahan, 63 Pacific, 189.
Kinard vs. Kaelin, 134 Pacific, 370.
As holding the contrary, viz: that a denial paragraph by paragraph is a specific denial, and sufficient to raise an issue, the following are in point:
Fairbanks vs. Blant, 33 N. Y. Supp., 713.
Brown vs. Cooper, 89 N. C., 237.
Kahn vs. Bldg. Assn., 41 S. E., 648.
De Sota Co. vs. Hammet, 36 S. E., 304.
Fleming vs. Supreme Council, 52 N. Y., Sup., 1001.
Miller vs. Cunningham, 139 Pacific, 927.
Hoffman vs. Susemihl, 44 N. Y., Sup., 52.
*412 As to the danger which a defendant incurs by any other form of denial, numerous-authorities hold that denials 'haec verba, i. e., repeating in negative form the contents of a paragraph or sub-division of the complaint, is a negative pregnant with an affirmative; for instance, in Gordy vs. Gordy, 39 Calif., 157, the complaint was that appellant “fraudulently transported plaintiff into said Kern County for the purpose of having her served with -a copy of the summons and complaint,” and the answer was that ‘ ‘ defendant denies, and it is not true, that he fraudulently transported the said plaintiff into the said Kern County for the purpose of having her served with a copy of the summons or complaint in said action aforesaid.” And the Court held (p. 166) that “this of course is but a palpable evasion of the substance of the charge which it pretended to answer. ’ ’
To like effect see Kelly vs. Sammis, 52 N. Y. Sup., 825, 828, where it was held that such denials (haec verba) are always “negative pregnant,” and condemned them as always troublesome and unscientific; approving on the other hand the simple denial paragraph by paragraph, with qualifications if advisable.
¥e are all the more inclined to -adopt this latter, and more liberal view, taken by the Courts of New York, for the following reason. It .would seem from the case last mentioned that in New York a defendant may be allowed to make this answer more definite, so that even a stricter rule might work little hardship. But under our act -a defective answer is fatal at once to the case of the' defendant, no amendment being provided for, and if the stricter rule be enforced, defendants even when in the best of faith are but too apt to be deprived of property without a hearing.
This was surely not the intention of the law. ■
*413 Opinion and decree, May 15th, 1916.
Rehearing refused, June 12th, 1916.
Writ applied for but not as yet passed upon. June 15th, 1916. ' ‘
It is therefore ordered that the judgment appealed from be reversed and the case remanded for due trial acT cording to law, appellee to pay the costs of this appeal.