Submitted on briefs August 27, affirmed September 20, 1927.

## J. W. JAQUES v. J. G. PATTERSON.

(239 Pac. 426.)

**Pleading—Demurrer will not Lie to Answer as a Whole, Which, in Part, Puts in Issue Matters Necessary for Plaintiff to Prove.**

1. Where answer by denials puts in issue matters necessary for plaintiff to prove to entitle him to recover, and pleads further matter as a separate defense, demurrer will not lie to answer as a whole.

**Pleading—Items of Work and Material, Alleged in Affirmative Defense as Payments of Plaintiff's Claim, Need not be Separately Pleaded.**

2. Items of work and material, alleged in affirmative defense as payments made separately in satisfaction and discharge of plaintiff's claim, can, like money payments, be combined without being separately pleaded.

---

1. See 21 R. C. L. 517.

Appeal and Error—Refusal of Leave to Amend Complaint and Directing Verdict is not Reviewable, Where There is No Record of Proceedings Complained of.

3.  There being before the appellate court no record whatever of any of the proceedings complained of, refusal to allow plaintiff to amend his complaint in the trial and directing verdict for defendant cannot be held error, which must be made to appear on the face of the record, and cannot be presumed.

Appeal and Error, 4 C. J., p. 190, n. 91, p. 525, n. 9, p. 539, n. 15, p. 732, n. 84, 85.
Pleading, 31 Cyc., p. 332, n. 68.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

This is an action to recover the reasonable value of work, labor and services performed by plaintiff at the special instance and request of defendant. The complaint alleges that the services were performed between July 23 and September 19, 1925, and consisted of work done in irrigating, cutting and hauling grain and in the performance of other farm labor, and were of the reasonable value of $433.90, of which no part had been paid except the sum of $163.95, leaving a balance due and owing to plaintiff in the sum of $269.95 for which judgment was demanded. There was an allegation in the complaint for the recovery of attorney's fees and judgment was also demanded therefor, but the facts stated were not sufficient to entitle plaintiff to the recovery of attorney's fees. The answer admitted the payment by defendant to plaintiff of the sum of $163.95, and denied substantially all of the other allegations of the complaint and then set up two affirmative defenses. One of the denials was in respect to a matter within the personal knowledge of the defendant and was on information and belief, and was therefore insufficient, but

3.  See 2 R. C. L. 131; 21 R. C. L. 574.

the defect was cured by a general denial of all of the allegations of the complaint except those specifically admitted. By his first affirmative defense defendant alleged that between October 23, 1924, and September 29, 1925, "the plaintiff had and received several sums of money aggregating $643.45," and also set up that the defendant performed services as a physician and surgeon for plaintiff of the reasonable value of $10; sold and delivered to plaintiff six tons of rye hay at the agreed price of $7 per ton and accepted an order given to a third person by plaintiff on defendant for the sum of $28; in the month of September, 1925, furnished to the plaintiff the rental of a house and barn and sold to plaintiff grain hay of the reasonable value of $30, and alleged that no part of said sums had ever been paid and that there was due and owing from plaintiff to defendant the sum of $10.59. The second affirmative answer alleges that plaintiff and defendant had entered into an agreement for the submission of their respective claims to a board of arbitrators and alleges an award by said arbitrators in favor of the defendant. Plaintiff demurred to said answer upon the ground that it did not state facts sufficient to constitute a defense to the action and also upon the ground that the answer contained two or more counterclaims not separately stated. The demurrer was overruled and a reply was filed in which plaintiff admitted that between October 23, 1924, and September 29, 1925, he had received from the defendant various sums of money aggregating the sum of $633.45, but alleged that of said sum of $633.45 "there was paid on contract work done by plaintiff for defendant, the sum of $544.50, and the remainder of said sum of $633.45 was applied on the work done by plaintiff for defendant as alleged in the

complaint and for which defendant agreed to pay the reasonable value.'' The reply also admitted that plaintiff had received from defendant six tons of rye hay of the reasonable value of $42, and that defendant had accepted and become liable to a third party for $28 upon the order of plaintiff and had received from defendant grain hay of the reasonable value of $5 and professional services of the reasonable value of $5. All other allegations of the answer were denied by the reply and for a further and separate reply plaintiff alleged:

"That between the 1st day of October, 1924, and the 18th day of September, 1925, this plaintiff and defendant entered into an oral contract wherein and whereby this plaintiff was to furnish the necessary teams, machinery and labor to prepare, and plant crops of rye and wheat and that plaintiff fully c_mplied with said contract and that the agreed and contract price of said preparing and planting of said crops was the sum of $544.50 and that said sum of $544.50 was paid by defendant to the plaintiff and included in the sum of $633.45 cash and the other items as alleged in the answer and admitted in this reply leaving a balance due the plaintiff for work and labor performed by plaintiff for defendant as alleged in the complaint and in addition to the contract work in the sum of $264.05 as prayed for in the complaint,'' and demanded judgment as in the complaint.

Upon the trial on motion of the defendant the Court directed the jury to return the verdict for the defendant, and from the resulting judgment plaintiff has appealed.                                   AFFIRMED.

For appellant there was a brief over the name of *Mr. W. P. Myers.*

For respondent there was a brief over the name of *Mr. F. H. Mills.*

RAND, C. J.—1. The first assignment of error is the overruling of the demurrer to the answer. The first ground of demurrer was that the answer did not state facts sufficient to constitute a defense to the action and the second ground was that the answer contained two or more counterclaims not separately pleaded. The demurrer was to the answer as a whole and not to the new matter which was affirmatively alleged by way of two further and separate answers and defenses, or to either thereof, and as stated the answer contained not only a denial of the facts alleged in the complaint, but also of new matter set up affirmatively as a defense to the action. It is settled law in this state that where an answer by denials puts in issue matters which it is necessary for the plaintiff to prove in order to entitle him to recover, and pleads further matter as a separate defense, a demurrer to the answer as a whole must be overruled: *Miller* v. *Cunningham,* 71 Or. 518 (139 Pac. 927). This case came within that rule and was controlled by it, but notwithstanding this, we have examined the two affirmative defenses and find that neither of them was subject to demurrer even if the demurrer had been drawn to test their sufficiency. The answer alleged facts, which if true would constitute a complete defense to plaintiff's action and the separate items alleged in the first affirmative defense were alleged as payments made separately in satisfaction and discharge of plaintiff's claim and demand. These items could be combined without being separately pleaded, the same as if they had been money payments made in part payment of plaintiff's demand.

2, 3. The other assignments are in respect to rulings made by the court in the trial of the cause. These are the refusal of the court to permit plaintiff to amend his complaint and directing a verdict for the defendant. There is no bill of exceptions and no transcript of the testimony filed upon this appeal, and appellant's printed abstract states that the testimony was not taken down in shorthand and that no bill of exceptions has been prepared or settled. There is, therefore, no record whatever before us of any of the proceedings complained of. Error will not be presumed, and if there was error it must be made to appear upon the face of the record or else this court is powerless to act. While this court is firmly of the opinion that in all proper cases the power of the trial court to permit amendments of the pleadings should in furtherance of justice be liberally exercised, yet there is nothing here to show any abuse of discretion upon the part of the trial court.

For the reasons stated the judgment must be affirmed.                                    AFFIRMED.